UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE DESHAWN ODOM,

    Plaintiff,

                                      Case No. 13-14047

v.

                                      Honorable Patrick J. Duggan

WARREN EVANS,

    Defendant.
_____/

## ORDER SUMMARILY DISMISSING
## THE COMPLAINT WITHOUT PREJUDICE

### I. Introduction

    Plaintiff Antoine Deshawn Odom ("Plaintiff"), a state prisoner at Marquette Branch Prison in Marquette, Michigan, recently filed a *pro se* civil rights complaint against Wayne County Sheriff Warren Evans. Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

    In his Complaint, Plaintiff appears to allege that, on September 28, 2004, deputy sheriffs conspired with his court-appointed attorney to prevent him from addressing the state trial court at his guilty plea proceeding. Plaintiff claims that he never admitted to being guilty and is actually innocent of any criminal charges. He also contends that he was promised a sentence of ten to twenty-three months,

which he has already served.

In addition to money damages, Plaintiff seeks to have the criminal charges against him set aside, his sentence vacated or reduced, and all fines and court fees eliminated. He further wants to be immediately discharged from the custody of the Michigan Department of Corrections and to have flowers and jewelry sent to his mother's home.

## II. Legal Standard

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. As such, his Complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A. The Sixth Circuit has explained:

> When screening a prisoner complaint, the district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that,

when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

### III.  Analysis

Although his Complaint is difficult to read, it is clear that Plaintiff is challenging his conviction, sentence, and present confinement. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and

the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Furthermore,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (footnote omitted). *Heck* and its progeny, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).

Plaintiff has not shown that his conviction or sentence was invalidated by state officials or called into question by a federal court on habeas corpus review, and success in this action would necessarily demonstrate the invalidity of his

confinement or its duration. Thus, his complaint is barred by *Heck*.

## IV. Conclusion

For the reasons stated, Plaintiff fails to state a plausible claim for relief. Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is summarily **DISMISSED WITHOUT PREJUDICE**[1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A;

**IT IS FURTHER ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45, 82 S. Ct. 917, 920 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Dated: October 15, 2013          s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copy to:
Antoine Deshawn Odom, #228931
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI  49855

---

[1] A dismissal under *Heck* is without prejudice. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999).